**MOUNTAIN STATES BANK,**
**Plaintiff–Appellee,**

v.

**George S. IRVIN, now succeeded by Lillian G. Irvin, as Personal Representative of the Estate of George S. Irvin, Deceased, Defendant–Appellant.**

**No. 90CA0293.**

Colorado Court of Appeals,
Div. I.

March 14, 1991.

Ireland, Stapleton, Pryor & Pascoe, P.C., Wilbur M. Pryor, Jennifer A. Ostrom, Denver, for plaintiff-appellee.

White and Steele, P.C., Michael W. Anderson, Kurt A. Horton, Denver, for defendant-appellant.

Opinion by Judge HUME.

Lillian G. Irvin, personal representative and substituted successor to the interests of decedent-defendant, George S. Irvin, appeals from a post-judgment order entered by the trial court in favor of plaintiff,

Mountain States Bank. We vacate the order.

Defendant was personally indebted to plaintiff under the terms of two unsecured promissory notes. That debt was reduced to judgment on February 28, 1989, and plaintiff recorded a transcript of judgment in the office of the Routt County Clerk and Recorder on March 6, 1989.

Defendant died on March 22, 1989, and his will was admitted to probate in the Denver County Probate Court on March 31, 1989. At the date of his death, defendant was a partner in Beaver Flat Tops, Ltd., a Colorado limited partnership which owned property, situated in Routt County, Colorado, in the name of the partnership.

On June 1, 1989, plaintiff filed post-judgment motions seeking to substitute defendant's personal representative as his successor in interest in the civil action in which the judgment had been entered and requesting the imposition of a charging order against decedent's interest in the limited partnership. Those motions were granted, and a charging order was entered on October 26, 1989, over the objection of decedent's personal representative.

The personal representative contends that the trial court erred and exceeded its jurisdiction in entering the charging order. We agree.

A general partner has three distinct kinds of property rights by virtue of partnership participation. They include rights in specific partnership property, an interest in the partnership, and a right to participate in partnership management. Section 7-60-124, C.R.S. (1986 Repl.Vol. 3A).

A partner's interest in either a general or limited partnership is his share of partnership profits and surplus, and that interest is personal and assignable. *See* §§ 7-60-126, 7-60-127, 7-61-119, 7-61-120(1), 7-62-701, and 7-62-702, C.R.S. (1986 Repl.Vol. 3A).

A partner's right in specific partnership property, however, is held as a tenancy in partnership. Such a right is not assignable by an individual partner, nor is it subject to attachment or execution except on a claim against the partnership. Upon a partner's death, his right in such property vests in the surviving partner or partners. *See* § 7-60-125, C.R.S. (1986 Repl.Vol. 3A).

Thus, under the undisputed facts in the record before us, the defendant, prior to his death, held both a personal property interest in the partnership and a partner's tenancy right in the partnership's Routt County real estate. Upon his death, the partnership interest became a part of his personal estate, and his partnership tenancy right in the real property vested in the surviving partner or partners.

A judgment creditor of either a general or a limited partner is statutorily entitled to apply to a court of competent jurisdiction for an order charging the partner-debtor's partnership interest with the unsatisfied part of the judgment. *See* §§ 7-60-128, 7-61-123, and 7-62-703, C.R.S. (1986 Repl.Vol. 3A).

A money judgment, standing alone, does not establish a lien against either real or personal property belonging to the judgment debtor. *Robison v. Gumaer*, 43 Colo. 310, 95 P. 935 (1908). Thus, the entry of judgment did not establish a lien against either the defendant's partnership interest or his partnership tenancy in the Routt County real estate.

Nor did the recording of the transcript of judgment with the Routt County Clerk and Recorder establish such lien rights against real property owned by the partnership. Such recording establishes a lien only against real property owned by the debtor within the county where it is recorded. *See* § 13-52-102(1), C.R.S. (1987 Repl.Vol. 6A).

Here, the Routt County real property was owned by the partnership, rather than by defendant. Defendant's interest in that property was as a tenant in partnership, and such an interest was not subject to attachment or execution except upon a claim or judgment against the partnership. *See* § 7-60-125(2)(c), C.R.S. (1986 Repl.Vol. 3A).

Therefore, as of the date of defendant's death, plaintiff's status continued to be that of an unsecured judgment creditor. Upon defendant's death, defendant's rights in the Routt County partnership property vested with the surviving partner or partners pursuant to § 7–60–125, and his personal partnership interest became a part of defendant's estate, subject to administration under the Colorado Probate Code, § 15–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B).

Colo. Const. art. VI, § 9(3), vests exclusive original jurisdiction over all matters involving probate and settlement of estates of deceased persons in Denver with the Probate Court of the City and County of Denver. Section 15–12–104, C.R.S. (1987 Repl.Vol. 6B) provides that no proceeding to enforce an unsecured claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative, and "[a]fter the appointment and until distribution [of the estate] all proceedings and actions to enforce a claim against the estate are governed by the procedure prescribed by this article" governing the probate of wills and administration of estates. *See also* § 15–12–812, C.R.S. (1987 Repl.Vol. 6B) (precluding execution and levy against estate property to enforce unsecured claims).

Thus, we conclude that, after defendant's death, the trial court was without jurisdiction to entertain actions designed to create liens or enforce unsecured claims against property in his estate. Hence, the charging order entered by the trial court was both erroneous and outside the scope of that court's jurisdiction.

Accordingly, the charging order entered on October 26, 1989, is vacated.

PLANK and NEY, JJ., concur.