**In re Ashley ALBRIGHT, Debtor.**

**No. 01–11367 ABC.**

United States Bankruptcy Court,
D. Colorado.

April 4, 2003.

James H. Hahn, Greenwood Village, CO, for debtor.

Sally Zeman, Denver, CO, Chapter 13 Trustee.

Charles F. McVay, Denver, CO, for trustee.

***OPINION AND ORDER ON MOTION TO ALLOW TRUSTEE TO TAKE ANY AND ALL NECESSARY ACTIONS TO LIQUIDATE PROPERTY OWNED BY WESTERN BLUE SKY LLC***

BRUCE A. CAMPBELL, Bankruptcy Judge.

THIS MATTER is before the Court on the (1) Motion to Allow Trustee to Take Any and All Necessary Actions to Liquidate Property Owned by Western Blue Sky LLC ("Motion to Liquidate"); (2) Motion to Appoint and Compensate Bob Karls as Real Estate Broker to the Trustee; and (3) Debtor's Response to Trustee's Motion to Retain Realtor and Liquidate LLC Property. Following a hearing on February 4, 2003, the parties agreed to submit the matter on briefs.

Ashley Albright, the debtor in this Chapter 7 case ("Debtor"), is the sole member and manager of a Colorado limited liability company named Western Blue Sky LLC.[1] The LLC owns certain real property located in Saguache County, Colorado (the "Real Property"). The LLC is not a debtor in bankruptcy.

The Chapter 7 Trustee contends that because the Debtor was the sole member and manager of the LLC at the time she filed bankruptcy, he now controls the LLC and he may cause the LLC to sell the Real Property and distribute the net sales proceeds to his bankruptcy estate.[2] The Debtor maintains that, at best, the Trustee is entitled to a charging order[3] and cannot assume management of the LLC or cause the LLC to sell the Real Property.

Pursuant to the Colorado limited liability company statute, the Debtor's

1. The Debtor initiated this case on February 9, 2001, under Chapter 13. It was converted to Chapter 7 by the Debtor on July 19, 2001.

2. If the Trustee is entitled to control of the LLC, he could, presumably, as an alternative, dissolve the LLC, distribute its property to his bankruptcy estate, and then sell the property himself. The Trustee has not asserted any alter ego theory and has not attempted to pierce the veil of the LLC.

3. The Debtor further asserts that because the LLC is "non-profit" pursuant to its operating

agreement, no distribution of "profit" will ever be made and thus the value of this interest is zero. This argument erroneously assumes that a member of a Colorado limited liability company's distribution rights are limited only to "profits." They are not. Colo. Rev.Stat. § 7–80–102(10)("*Membership interest* means a member's share of the profits and losses of a limited liability company and the right to receive distributions of such company's assets.") *See also* Colo.Rev.Stat. § 7–80–702(1).

membership interest constitutes the personal property of the member. Upon the Debtor's bankruptcy filing, she effectively transferred her membership interest to the estate. *See* 11 U.S.C. § 541(a).[4] Because there are no other members in the LLC, the entire membership interest passed to the bankruptcy estate, and the Trustee has become a "substituted member."[5]

■■■ Section 7–80–702 of the Limited Liability Company Act requires the unanimous consent of "other members" in order to allow a transferee to participate in the management of the LLC.[6] Because there are no other members in the LLC, no written unanimous approval of the transfer was necessary. Consequently, the Debtor's bankruptcy filing effectively assigned her entire membership interest in the LLC to the bankruptcy estate, and the Trustee obtained all her rights, including the right to control the management of the LLC.[7]

---

**4.** 11 U.S.C. § 541(a)(1) provides, in relevant part: "The commencement of a case ... creates an estate. Such estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case."

**5.** Colo.Rev.Stat. § 7–80–702 provides (emphasis added):
(1) The interest of each member in a limited liability company constitutes the personal property of the member and **may be transferred or assigned**. However, if all of the **other members** of the limited liability company other than the member proposing to dispose of his or its interest **do not approve** of the proposed transfer or assignment by unanimous written consent, the transferee of the member's interest shall have **no right to participate in the management** of the business and affairs of the limited liability company or to become a member. **The transferee shall only be entitled to receive the share of profits** or other compensation by way of income and the return of contributions to which that member would otherwise be entitled.
(2) **A substituted member is a person** admitted to **all the rights of a member** who has died **or has assigned his interest in a limited liability company with the approval of all the members of the limited liability company by unanimous written consent. The substituted member has all the rights and powers** and is subject to all the restrictions and liabilities **of his assignor**; except that the substitution of the assignee does not release the assignor from liability to the limited liability company under section 7–80–502.

**6.** This reading of § 7–80–702 is reinforced in Colo.Rev.Stat. § 7–80–108(3)(a). Section 108 sets forth the effect of an operating agreement and what provisions are non-waivable. Section 108(3) states that "[u]nless contained in a written operating agreement or other writing approved in accordance with a written operating agreement, no operating agreement may [...] [v]ary the requirement under section 7–80–702(1) that, if all of the other members of the limited liability company **other than the member proposing to dispose of the member's interest** do not approve of the proposed transfer or assignment by unanimous written consent, the transferee of the member's interest shall have no right to participate in the management of the business and affairs of the limited liability company or to become a member." Colo.Rev.Stat. § 7–80–108(3)(a). The clause "other than the member proposing to dispose of the member's interest" confirms that the "other members" identified in § 7–80–702 does not include the transferee.

**7.** Under Colo.Rev.Stat. § 7–80–702, *supra,* the result would be different if there were other non-debtor members in the LLC. Where a single member files bankruptcy while the other members of a multi-member LLC do not, and where the non-debtor members do not consent to a substitute member status for a member interest transferee, the bankruptcy estate is only entitled to receive the share of profits or other compensation by way of income and the return of the contributions to which that member would otherwise be entitled. Thus, *Mountain States Bank v. Irvin,* 809 P.2d 1113 (Colo.App.1991); *Union Colony Bank v. United Bank of Greeley National Association,* 832 P.2d 1112 (Colo.App.1992) and *Prefer v. PharmNetRx LLC,* 18 P.3d 844 (Colo.App.2000), cited by the parties, are distinguishable as they relate to multi-partner or member entities.

■ The Debtor argues that the Trustee acts merely for her creditors and is only entitled to a charging order against distributions made on account of her LLC member interest.[8] However, the charging order, as set forth in Section 703 of the Colorado Limited Liability Company Act, exists to protect **other** members of an LLC from having involuntarily to share governance responsibilities with someone they did not choose, or from having to accept a creditor of another member as a co-manager. A charging order protects the autonomy of the original members, and their ability to manage their own enterprise. In a single-member entity, there are no non-debtor members to protect. The charging order limitation serves no purpose in a single member limited liability company, because there are no other parties' interests affected.[9]

The Colorado limited liability company statute provides that the members, including the sole member of a single member limited liability company, have the power to elect and change managers.[10] Because the Trustee became the sole member of Western Blue Sky LLC upon the Debtor's bankruptcy filing, the Trustee now controls, directly or indirectly, all governance of that entity, including decisions regarding liquidation of the entity's assets.

Because of the Court's ruling herein, the Debtor may be entitled to a claim for her contributions made to preserve an asset of this bankruptcy estate based on post-petition mortgage payments on the Real Property. The parties were asked to brief the issue, but the Debtor has not formally asserted such a claim. Therefore, the Court does not rule on the issue at this time.

8. Colo.Rev.Stat. § 7–80–703 provides:

*Rights of creditor against a member.* On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of the judgment with interest thereon and may then or later appoint a receiver of the member's share of the profits and of any other money due or to become due to the member in respect of the limited liability company and make all other orders, directions, accounts, and inquiries which the debtor member might have made, or which the circumstances of the case may require. To the extent so charged, except as provided in this section, the judgment creditor has only the rights of an assignee of the membership interest. The membership interest charged may be redeemed at any time before foreclosure. If the sale is directed by the court, the membership may be purchased without causing a dissolution with separate property by any one or more of the members. With the consent of all members whose membership interests are not being charged or sold, the membership may be purchased without causing a dissolution with property of the

limited liability company. This article shall not deprive any member of the benefit of any exemption laws applicable to the member's membership interest.

9. The harder question would involve an LLC where one member effectively controls and dominates the membership and management of an LLC that also involves a passive member with a minimal interest. If the dominant member files bankruptcy, would a trustee obtain the right to govern the LLC? Pursuant to Colo.Rev.Stat. § 7–80–702, if the non-debtor member did not consent, even if she held only an infinitesimal interest, the answer would be no. The Trustee would only be entitled to a share of distributions, and would have no role in the voting or governance of the company. Notwithstanding this limitation, 7–80–702 does not create an asset shelter for clever debtors. To the extent a debtor intends to hinder, delay or defraud creditors through a multi-member LLC with "peppercorn" co-members, bankruptcy avoidance provisions and fraudulent transfer law would provide creditors or a bankruptcy trustee with recourse. 11 U.S.C. §§ 544(b)(1) and 548(a).

10. *See* Colo.Rev.Stat. § 7–80–402 and § 7–80–405.

Based on the foregoing, it is hereby:

ORDERED that the Trustee, as sole member, controls the Western Blue Sky LLC and may cause the LLC to sell its property and distribute net proceeds to his estate. Alternatively, the Trustee may elect to distribute the LLC's property to the bankruptcy estate, and, in turn, liquidate that property himself; and it is

FURTHER ORDERED that the Trustee's Motion to appoint Bob Karls as real estate broker for the Trustee is hereby granted; and it is

FURTHER ORDERED that the Debtor may file a claim, subject to objection in the regular course of this case, for her expenditures made to preserve an asset of this estate based on post-petition mortgage or other payments made by the Debtor.