**In re Bob DESMOND, Debtor.**

**Bob Desmond, Plaintiff,**

**v.**

**U.S. Asset Funding, LP, and Vladimir Pave and Gary Pave, Defendants.**

**Bankruptcy No. 03–13878–MWV.**

**Adversary No. 04–1168–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

July 22, 2004.

Willam S. Gannon, Willam S. Gannon PLLC, Manchester, NH, for Plaintiff.

Steven Solomon, Ellen Purcell, Backus, Meyer, Solomon & Branch, LLP, Manchester, NH, Jeffrey L. Jonas, Dennis Dougherty, Elise Busny, Brown, Rudnick, Berlack, Israels, LLP, Boston, MA, for

Defendants, U.S. Asset Funding, LP, Vladimir Pave and Gary Pave.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the question of whether or not to continue the injunctive relief it granted upon Bob Desmond's ("Debtor/ Plaintiff") *ex parte* motion for temporary restraining order on July 15, 2004. On July 19, 2004, U.S. Asset Funding, LP, and Vladimir Pave and Gary Pave ("Defendants") objected to the Plaintiff's motion requesting this Court to dissolve the temporary restraining order.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

On November 13, 2003, the Plaintiff filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On December 29, 2003, the Debtor filed his schedules, and on January 7, 2004, he filed amended schedules. The schedules listed the defendant, U.S. Asset Funding, LP, as a secured creditor. The schedules also listed the Debtor's membership interests in Weaver Cove, LLC, a Delaware limited liability company, as an asset. Weaver Cove, LLC, apparently was a party to an option agreement to purchase certain land in Rhode Island on which a marina was to be constructed. This agreement has never been filed in this Court.

On December 18, 2003, the Debtor, acting as an individual as well as the sole manager of Weaver Cove, LLC, entered into certain "Transaction Documents" with the defendants herein. No approval of this Court was sought or granted. The Defendants assert that they had no knowledge of the plaintiff's bankruptcy when the documents were signed, but the Court would have to find that they had such knowledge by early January 2004. The Debtor, until recently, has treated Weaver Cove, LLC, as a separate entity and has not kept this Court apprised of its business dealings.

On June 21, 2004, the Defendants filed an "Emergency Motion for Nunc Pro Tunc Approval of Transaction Documents" and a motion for an expedited hearing. The Court set a hearing for July 8, 2004, at 9:00 a.m. on June 21, 2004. The Court also approved the appointment of an examiner, and an order approving an examiner was issued on June 25, 2004. The "Nunc Pro Tunc" motion was opposed by the Debtor and the examiner. At the July 8 hearing, the Debtor and the Defendants indicated that they had reached a settlement, which they filed, and the Court scheduled for hearing on its approval for July 14, 2004, and continued the Nunc Pro Tunc motion to that date. At the hearing on July 14, 2004, after hearing arguments from all counsel including the examiner, the Court denied both motions.

Meanwhile on July 7, 2004, the Defendants herein obtained a temporary restraining order from a Rhode Island superior court against Weaver Cove, LLC, and others including Weave Cove's "members, managers." The TRO is apparently still in effect.

The Transaction Documents mentioned above purported to transfer the Debtor's membership interest in Weaver Cove, LLC, and also to collaterally assign Weaver Cove's interest in the option agreement to the Defendants to secure a $275,000 note.

Subsequent to the Court's ruling on July 14, 2004, at approximately 11:30 p.m., the Defendants e-mailed to the Plaintiff and Weaver Cove, LLC, its notice of intended sale of its collateral under the December 18 documents, to be held after 9:00 a.m. on July 15, 2004. The sale apparently took place around 9:45 a.m. on July 15, 2004.

At 9:08 a.m. on July 15, 2004, the Plaintiff filed its motion for a temporary restraining order in support of its complaint filed on July 8, 2004, against the Defendants. The Court issued its TRO at 11:27 a.m. on July 15, 2004, setting a further hearing for July 19, 2004, at 2:00 p.m.

On July 16, 2004, the Defendants filed a motion to dissolve the TRO and for leave to appeal to the U.S. District Court for the District for New Hampshire. After both motions were denied in the U.S. District Court, the Defendant requested this Court to dissolve the temporary restraining order. On July 19, 2004, this Court heard arguments on continuing the injunctive relief.

### DISCUSSION

There is no question that on the date of the bankruptcy filing, the Debtor's membership interests were personal property under Delaware law and property of the Chapter 11 estate. *See* 6 Del. C. § 18–701 (providing that "a limited liability company interest is personal property...."). What the Debtor and the examiner now seek is for this Court to find that the Plaintiff's right to manage and control Weaver Cove, LLC, as its sole member is an asset of this estate and subject to this Court's approval for actions taken outside the ordinary course of business. This Court will not so find.

On July 15, 2004, this Court entered its TRO against the Defendants pertaining to actions against assets of the Debtor and Weaver Cove, LLC. This TRO in part was entered to maintain the status quo, and to give the Court ample time to fully understand the positions of the parties involved.[1]

Weaver Cove, LLC, is not a debtor under the protection of Title 11 of the United States Code. The actions taken by the Defendants against Weaver Cove, LLC, are actions between two non-debtor entities. Prior to the Debtor's filing of his complaint on July 8, 2004, the Debtor treated Weaver Cove, LLC, as a separate entity not advising the Court of its actions or seeking any approval from this Court. This Court, on the facts of this case, will not exercise its power to enjoin a creditor from pursuing its alleged rights against a non-debtor LLC.

The Debtor and the examiner rely on the case of *In re Albright*, 291 B.R. 538 (Bankr.D.Colo.2003). That case clearly stands for the proposition that a Chapter 7 trustee succeeds to the rights of a debtor who is a sole member of an LLC, absent an operating agreement to manage and control the LLC. In the instant case, there is no Chapter 7 or Chapter 11 trustee other than the fiction that filing Chapter 11 creates a new entity, a debtor-in-possession. There is no distinction between the Plaintiff as an individual and as the sole member of the LLC. His authority to act on behalf of the LLC was apparent. The actions in *Albright* for which authority

---

1. *See, e.g., Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974) (recognizing that "under the federal law temporary restraining order should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Bly v. McLeod,* 605 F.2d 134, 137 (4th Cir. 1979) (stressing that "granting of temporary restraining order was in no way a determination on the merits and merely preserved the status quo.")

was sought were in the future and not to undo actions for which there was apparent authority.

The Debtor also relies on the case of *In re Eastmare Dev. Corp.,* 150 B.R. 495 (Bankr.D.Mass.1993). This case can also be distinguished. *Eastmare* concerns a Massachusetts nominee realty trust and a body of law that had arisen with respect to that type of trust. There is no analogous body of law with respect to an LLC.

Finally, Weaver Cove, LLC, is not without rights or remedies. It could file a petition under Title 11. To the extent it believes the Defendants' foreclosure is invalid, it can proceed in the Rhode Island superior court.

■ For the reasons stated above, the injunctive relief against the Defendants concerning assets of Weaver Cove, LLC, is dissolved. Injunctive relief, to the extent needed against the Debtor, shall continue. To the extent the Rhode Island TRO can be read to extend to the Debtor, this Court finds that is violates the automatic stay, therefore, it is void.

### CONCLUSION

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate judgment consistent with this opinion.