**In re Janet Diane SCHWAB, Debtor.**

**No. 07–60188.**

United States Bankruptcy Court,
D. Minnesota.

Dec. 4, 2007.

of the debtor's claimed exemptions, and on the trustee's request for a turnover order pertaining to those assets. Gene W. Doeling appeared for the trustee, and Logan M. Moore appeared for the debtor. Having heard oral arguments and considered the briefs submitted, now being fully advised in the matter, the Court makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I

The issue here is whether certain tools of her trade and an accounts receivable that existed at filing are property of the debtor or property of her LLC. The trustee claims that the property is owned by the debtor's business, "To Each Her Own Women's Health Service, LLC." The Court finds that the tools of the trade were owned by the debtor at filing and that principles of equity allow her to pierce the corporate veil and claim ownership of the accounts receivable. Therefore, the trustee's objection to exemptions is overruled and his request for a turnover order is denied.[1]

Logan M. Moore, Velde Law Firm, Ltd., Alexandria, MN, for Debtor.

Gene W. Doeling, Fargo, ND, pro se.

## ORDER OVERRULING OBJECTION TO EXEMPTIONS AND DENYING REQUEST FOR TURNOVER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on October 30, 2007, on the trustee's objection to certain

## II

The documents reflecting the creation of the LLC were filed with the Minnesota Secretary of State on February 23, 2005. The debtor has done business as this entity since then as the sole owner of the LLC. The LLC billed clients and insurance companies for services provided by the LLC through the debtor.

The LLC had its own checking account at Ridgedale State Bank, where the receipts of the business were deposited and

---

1. The request for turnover would be denied in any event regarding the checking account balance and the accounts receivable because the debtor no longer had these when the trustee brought the motion. *See Brown v. Pyatt,* 486 F.3d 423 (8th Cir.2007).

through which obligations of the business were paid. The debtor also paid herself out of this account periodically for services she performed. The account remained in effect up to and after the Bankruptcy filing. The cash balance in this account on the date of bankruptcy was $414.68.[2]

Some of the equipment used by the LLC was purchased from Claflin Equipment Sales and Services on April 19, 2005. The receipt indicates that the items were sold to Janet Schwab, 2358 247th Avenue, Long Prairie, MN 56347, and that they were shipped to To Each Her Own Women's Health, attention, Janet Schwab, Ridgedale State Bank Building, 1730 Plymouth Road, Suite 207, Minnetonka, MN 55305. The debtor also purchased equipment and supplies from Cascade Health Care Products, Inc., on December 31, 2004. These supplies were sold to Janet Schwab, 2358 247th Avenue, Long Prairie, MN, and were also shipped to the LLC.

The LLC had no debts or obligations of its own at the time of the debtor's bankruptcy filing. The LLC did not file tax returns separate from the debtor's. The debtor's 2005 federal income tax return depreciation schedule itemizes assets totaling $29,057 as assets of the LLC and depreciated for that year in the amount of $4,218. The business assets depreciated by the LLC included an exam table, sterilizer and minor tools valued at $5,000, tools used by the debtor in her trade. These are the assets the debtor now seeks to exempt in her bankruptcy under Minn. Stat. § 550.37 subd. 6. The debtor's 2006 federal income tax return depreciation schedules itemizes the same business assets as in the 2005 tax return, and claims depreciation in 2006 of $7,191.

At the time of the bankruptcy filing, the LLC had the sum of $11,900 in accounts receivable for services that had been performed prior to the filing of the bankruptcy but which had not yet been collected. These receivables were subsequently deposited into the checking account of the LLC, at Ridgedale State Bank, 1730 Plymouth Rd., Minnetonka, MN. The debtor listed under Schedule B of her amended schedules $11,900 of the LLC's accounts receivable. The funds have been collected and spent by the debtor or her LLC since the filing.

The debtor valued her ownership interest in the LLC in her Amended Schedule C at $17,314.68. She seeks in amended schedules to exempt an exam table, sterilizer and minor tools valued at $5,000 by utilizing the exemption available under M.S.A. § 550.37(6). The debtor claims an exemption under M.S.A. § 550.37(13), in the amount of $9,236, in the accounts receivable as earnings to which she was entitled at filing.

## III

**The Tools of The trade Equipment.**

█ The trustee argues that the tools of the trade that are the subject of the exemption issue were owned by the LLC at filing, not by the debtor, citing *In re Albright*, 291 B.R. 538 (Bankr.D.Colo.2003). That case recognizes that shareholders in limited liability companies hold membership interests in the LLCs, but do not have ownership interests in property of the LLCs. Membership interests are property interests that pass to the bankruptcy estate upon the filing of a bankruptcy case.

---

2. It is not clear whether this account remains in dispute, but if so, the Court finds the account to be owned by the debtor for the same reasons discussed later regarding the accounts receivable.

The trustee argues that the equipment was owned by the LLC, not by the debtor personally, because the debtor's tax returns assigned depreciation of the equipment to the LLC, citing *In re Southwest Business Design, Inc.*, 1997 WL 33421086 (Bankr.D.N.D.1997). The court, in *Southwest Business Design*, held that only the entity owning property can depreciate it, and depreciating personal property by the taxpayer is an indicia of ownership.

■ But, depreciation for tax purposes, while creating a strong presumption of ownership, is not always conclusive. In *Southwest Business Design*, the debtors' corporation filed tax returns separate from the debtor shareholders. Here, there was only one tax return filed by the debtor for both her and the LLC. While it is true that the returns assigned depreciation of the equipment to the LLC, the returns were prepared by the debtor's accountant, and it is not apparent that assignment of the depreciation to one or the other on the single returns would result in any different tax consequences.

There is substantial evidence that the equipment was owned by the debtor individually. She purchased the equipment in her own name, not the LLC's, and paid for it with her personal line of credit. There exists no evidence that she transferred the equipment to the LLC or that the LLC paid any consideration for the property.

■ For all of these reasons, the Court finds that the debtor, not her LLC, owned the equipment at issue, and that the exemption as her tools of the trade, under Minn.Stat. § 550.37 subd. 6, is proper.[3]

## The Accounts Receivable.

■ Minnesota law allows the reverse piercing of a corporate veil on principles of equity, where appropriate, to allow an individual debtor to protect property interests technically owned by the sole shareholder debtor's corporation. In *Cargill, Inc. v. Hedge*, 375 N.W.2d 477 (Minn.1985), the property was the debtor's homestead. In *Roepke v. Western Nat. Mut. Ins. Co.*, 302 N.W.2d 350 (Minn.1981), it was an interest in insurance policies. In that case, the Minnesota Supreme Court said:

> We conclude that plaintiffs should be allowed to stack the insurance coverages on all six vehicles insured under the corporate PIP plan. We believe that this finding is consistent with Wasche and within the legislature's contemplation when enacting *Minn.Stat. § 65B.47, subd. 4(a) (1978)*. However, we limit this holding to the facts peculiar to this case, the most significant of which are *that decedent was the president and sole shareholder of the named insured corporation; the vehicles insured by defendant were used as family vehicles; and neither decedent nor members of his household owned any other vehicles.*

*Roepke v. Western Nat. Mut. Ins. Co.*, at 352 (emphasis added).

■ In this case, the accounts receivable of the debtor's LLC were earnings

---

3. Even if otherwise, the Court would find that the principles of equity would allow the debtor to reverse pierce the corporate veil to claim ownership and exempt the equipment. *See Cargill, Inc. v. Hedge*, 375 N.W.2d 477 (Minn.1985). In that case, the Minnesota Supreme Court allowed reverse piercing to protect the debtors' homestead. Circumstances here are similar to those in *Cargill, Inc. v. Hedge* where the sole corporate shareholders husband and wife operated a family farm essentially as an individual enterprise. There is no reason to expect that a debtor's tools of the trade would not be similarly protected under Minnesota law.

owed to her at filing. The LLC had no creditors. The receivables consisted of charges for the debtor's labor. She had no other source of earnings. Circumstances here are as compelling, perhaps more so, as those in *Roepke v. Western Nat. Mut. Ins. Co.*, to allow reverse piercing of the corporate veil to protect the debtor's exemption of a portion of her earnings under Minn.Stat. § 550.37 subd. 13.

## IV

Based on the forgoing, it is hereby **ORDERED:**

1. The debtor was the owner at filing of the equipment she claims exempt in her amended schedules under Minn.Stat. § 550.37 subd. 6, and the accounts receivable that she claims exempt under Minn. Stat. § 550.37 subd. 13.

2. The trustee's objection to the exemptions is OVERRULED and the exemptions are ALLOWED.

3. The trustee's motion for turnover is DENIED.