### In re B & M LAND AND LIVESTOCK, LLC, Debtor.

### No. BK–N–13–50543–BTB.

United States Bankruptcy Court, D. Nevada.

Sept. 10, 2013.

Kevin A. Darby, Darby Law Practice, Ltd., Reno, NV, for Debtor.

### FINDINGS OF FACT; CONCLUSIONS OF LAW AND ORDER DISMISSING CASE

BRUCE T. BEESLEY, Bankruptcy Judge.

Debtor filed the "Application Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr.P. 2014(a), 2016(b) and 5002, and Local Rule 2014, Authorizing the Retention and Employment of Darby Law Practice, Ltd. as Counsel to the Debtor" on May 21, 2013. (Dkt. 9.) The Acting United States Trustee filed the "US Trustee's Motion to Dismiss Case" on May 31, 2013. (Dkt. 16.) On June 13, 2013, creditor Commercial Loan Solutions, LLC filed the "Commercial Loan Solutions, LLC's Motion to Dismiss Bankruptcy Petition for Bad Faith or to Vacate Order for Relief or in the Alternative, Motion to Terminate the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1), (d)(2), and (d)(3) and Waive 14–Day Stay under FRBP 4001(a)(3), or in the Alternative Motion for Adequate Protection." (Dkt. 20.) On June 19, 2013, Debtor filed the "Motion to: (1) Determine Efficacy of Chapter 11 Filing; and/or (2) Ratify Chapter 11 Filing" and the "Motion to Approve Use of Cash Collateral Pursuant to 11 U.S.C. § 363." (Dkts. 31, 34.) Debtor filed its "Omnibus Oppositions to Motions to Dismiss" on July 1, 2013. (Dkts. 39–40.) Creditor filed the "Commercial Loan Solutions, LLC's Opposition to Debtor's Motion to Approve Use of Cash Collateral Pursuant to 11 U.S.C. § 363" on July 3, 2013. (Dkt. 42.) The U.S. Trustee filed the "US Trustee's Reply to Ms. Raj's Omnibus Opposition to Motions to Dismiss" on July 5, 2013. (Dkt. 43.) Debtor filed the "Debtor's Reply in Support of Motion to: (1) Determine Efficacy of Chapter 11 Filing; and/or (2) Ratify Chapter 11 Filing" on July 10, 2013. (Dkt. 45.) On July 10, 2013, creditor Commercial Loan Solutions, LLC filed "Commercial Loan Solutions, LLC's

Reply in Support of Motion to Dismiss Bankruptcy Petition for Bad Faith or to Vacate Order for Relief, or in the Alternative, Motion to Terminate the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1), (d)(2), and (d)(3) and Waive 14–Day Stay under FRBP 4001(a)(3), or in the Alternative, Motion for Adequate Protection." (Dkt. 44.)

The hearing for these motions came on calendar on July 19, 2013 before the Honorable Bruce T. Beesley, United States Bankruptcy Judge. William B. Cossitt, Esq., appeared for the Office of the United States Trustee ("US Trustee"); Ogonna M. Atamoh, Esq., appeared for Commercial Loan Solutions, LLC ("Creditor"); Kevin A. Darby appeared for Debtor, B & M Land and Livestock, LLC ("Debtor"); and Michael C. Lehners, Esq., appeared for Chapter 7 Trustee W. Donald Gieseke ("Trustee Gieseke").

The Court, having read and considered the pleadings on file and exhibits submitted, having heard and considered the arguments of the parties, and in light of the dispute described above, has prepared the following Findings of Fact and Conclusions of Law in addition and supplemental to the oral findings and conclusions placed on the record during the hearing in accordance with Federal Rule of Bankruptcy Procedure 7052. Any finding that is more properly deemed a conclusion of law shall be deemed a conclusion of law.

### Findings of Fact

On October 22, 2010, Marsha J. Raj and her husband Alexcis filed a petition for bankruptcy under Chapter 7 with this Court. The bankruptcy case was administered by the Honorable Gregg Zive, case number BK–N–10–54176. Trustee W. Donald Gieseke was appointed. Ms. Raj is Debtor's sole member and owned the entirety of Debtor's membership interest. Debtor was a member-managed limited li-

ability corporation, and Ms. Raj was listed on its registration documents with the Nevada Secretary of State as its manager. On the petition for her bankruptcy pursuant to Chapter 7, Ms. Raj indicated that she was "FDBA B & M Land and Livestock, LLC," that the LLC entity had a value of zero, and that she did not claim any exemption for her ownership interest. Trustee Gieseke has not abandoned the bankruptcy estate's interest in the LLC. Trustee filed the "Declaration of Donald Gieseke" on July 23, 2013 indicating his intention to retain the membership interest in Debtor as an asset of the Raj's bankruptcy estate. (Dkt. 47.)

On March 26, 2013, Ms. Raj filed a petition under Chapter 11 to place Debtor into bankruptcy, without the approval or knowledge of Trustee Gieseke. In the intervening period between the two bankruptcy filings, Trustee Gieseke did not take measures to assert control over Debtor. Trustee Gieseke neither removed Ms. Raj as manager nor held elections for new management. In their personal Chapter 7 bankruptcy, the Rajs filed a motion to compel Trustee Gieseke to abandon the membership interest to the Rajs, or, alternatively, to ratify Ms. Raj's filing of Debtor's bankruptcy petition. This motion is scheduled to be heard before the Honorable Gregg Zive on September 25, 2013.

Debtor operated a truck driving school and a warehouse located at 8895 Canyon River Court, Sparks, Nevada 89434. Debtor and Silver State Bank executed a loan agreement for a loan of $937,500 on January 4, 2006 with monthly payments of $7,120 for 299 months. The loan is secured by the real property located at 8895 Canyon River Court, Sparks, Nevada 89434. Silver State assigned its interests to Bank of the West on March 29, 2006. Debtor fell into default around January 6, 2010. Bank of the West assigned its inter-

ests to Creditor on May 8, 2012. Debtor has failed to make any payments since at least June 2012. The total amount due is $1,067,599.23, as of the Petition Date. The petition values the property at $550,000. Creditor commenced foreclosure proceedings by filing a notice of breach on December 5, 2012. Creditor recorded a notice of trustee's sale on March 7, 2013 and scheduled a foreclosure sale for March 28, 2013. Two days before this scheduled sale, acting on behalf of Debtor, Ms. Raj filed a petition for bankruptcy under Chapter 11.

### Jurisdiction

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Adequate and Proper Notice

Adequate and proper notice was given to the parties to allow full and complete participation in the hearing.

### Relief Requested

The U.S. Trustee moved to dismiss the bankruptcy case on the basis that Ms. Raj was not authorized to file the bankruptcy and that dismissal was accordingly appropriate where the case was filed on behalf of an entity by a person who did not have authority to act on the entity's behalf. The U.S. Trustee further contended that Ms. Raj's filing for bankruptcy, as Debtor's manager, breached the fiduciary duty that she owed to Trustee Gieseke, who had rights to all of Debtor's legal and equitable interests after the Rajs filed for bankruptcy.

Creditor moved to dismiss the bankruptcy case because Trustee Gieseke did not authorize Ms. Raj to file bankruptcy on behalf of Debtor. Alternatively, Creditor moved for termination of the automatic stay for the respective reasons that (1) creditor is not adequately protected; (2) there is no equity in the property, and the

property is not necessary for reorganization; (3) Debtor's Plan will be unconfirmable because Creditor is the largest secured and unsecured creditor and will oppose any Plan; and (4) Creditor's interest is not protected where proof of insurance has not been provided.

Debtor moved for the Court to deny the motions to dismiss, with or without ratifying the bankruptcy filing, or, alternatively, defer consideration of the motions to dismiss until after the resolution of the motion to compel Trustee Gieseke to abandon the LLC interest, as to be heard by Judge Zive in the Rajs' personal bankruptcy. Debtor alternatively moved for this Court to ratify its bankruptcy filing.

### Summary of Conclusions of Law

The Court concludes that Trustee Gieseke automatically receives all the legal and equitable rights of the debtor Ms. Raj. The debtor's legal and equitable interests become property of the bankruptcy estate on filing a bankruptcy petition. In a bankruptcy under Chapter 7, the trustee controls the interests of the bankruptcy estate. Where the bankruptcy estate in a Chapter 7 bankruptcy has a membership interest in a single-member LLC, the trustee controls the LLC. As the Chapter 7 trustee, Trustee Gieseke has not abandoned the bankruptcy estate's interest in B & M Land and Livestock, LLC to Ms. Raj, the bankruptcy estate retained the right to control that LLC and act on its behalf, including the right to file a petition for bankruptcy. Ms. Raj did not have standing to petition for bankruptcy on B & M Land and Livestock LLC's behalf. Consequently, the bankruptcy case is dismissed.

### Conclusions of Law

█ All of Ms. Raj's property interests became property of the bankruptcy estate upon filing the personal Chapter 7 petition for bankruptcy. Section 541 of the Bankruptcy Code provides that all legal and equitable interests of the debtor become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); *see In re A–Z Electronics, LLC*, 350 B.R. 886, 890 (Bankr.D.Idaho 2006) (finding that LLC membership interests became estate property where state law classified the pre-petition interest as personal property). On filing the petition for bankruptcy under Chapter 7, Ms. Raj's legal and equitable interests became property of the bankruptcy estate. As Ms. Raj owned the membership interest in Debtor, this interest became property of the bankruptcy estate.

█ In a Chapter 7 bankruptcy, the trustee controls the property of the bankruptcy estate, all of Debtor's legal and equitable interests, including the right to control a single-member LLC. In obtaining the debtor's rights, the trustee is not a mere assignee, but steps into a debtor's shoes as to all rights, including the rights to control a single-member LLC. *In re First Protection, Inc.*, 440 B.R. 821, 830 (9th Cir. BAP 2010); *see also In re Wallace*, 2013 WL 1681780, at *3 (Bankr.D.Idaho Apr. 17, 2013) (observing that *First Protection's* reasoning has been extended, in other jurisdictions, to apply to rights in business entities generally by one court and limited partnerships by another). In *First Protection*, the panel concluded that § 541(c)(1)(A) overrides state and contract law restrictions on the transfer of Debtor's interests in order to transfer all property interests into the bankruptcy estate. 440 B.R. at 830 (referring to the operating agreement in addressing contractual limitations). In *A–Z Electronics*, the court concluded that an LLC's bankruptcy petition was not properly authorized where filed by the LLC's sole member and (1) that member had a pending Chapter 7 bankruptcy, (2) the Chapter 7

trustee became the sole member of that single-member LLC on the filing of the bankruptcy petition, and (3) the trustee did not authorize the bankruptcy petition on the LLC's behalf. 350 B.R. at 891. Both *First Protection* and *A–Z Electronics* favorably cited the reasoning in *In re Albright*, 291 B.R. 538 (Bankr.D.Colo.2003). Where state law classified a membership interest in an LLC as property, *Albright* concluded that the membership interest, including the right to control the single-member LLC owned by the debtor, passed to the bankruptcy estate, subject to the trustee's control and management. 291 B.R. at 539–40. Nevada law characterizes the interests of each member of an LLC as personal property. Nev.Rev.Stat. 86.351; *In re Blixseth*, 484 B.R. 360, 368 (9th Cir. BAP 2012). The case law supports the conclusion that a trustee controls all the rights associated with an LLC previously owned by the debtor, including rights to control and make decisions on the LLC's behalf.

■ This Court concludes that, where a debtor has a membership interest in a single-member LLC and files a petition for bankruptcy under Chapter 7, the Chapter 7 trustee's rights automatically include the right to manage that entity. A trustee need not take further specific actions to comply with state law before exercising management functions. *See In re First Protection*, 440 B.R. at 830 (concluding that state and contract law provisions did not restrict the trustee's rights in rejecting an argument that a corporation's operating agreement restricted the trustee's ability to exercise control); *see also In re Albright*, 291 B.R. at 540 (noting that, in a single-member LLC, state law provisions requiring unanimous consent of the members for a transferee to exercise management control do not impede the trustee's control because the entire membership interest has passed to the trustee). Despite Debtor's contentions, no case law suggests

that a trustee must overcome any state or contract law restrictions on the corporation before obtaining the full rights and interests that the debtor had possessed. This principle may be limited where the LLC is run by or deals with matters such as professional practices or personal services. For instance, a trustee likely may not manage a law firm, medical practice, or accounting firm that is organized as an LLC. Review of these cases raised by the parties before this Court finds the proposition that the trustee's administration includes the right to control the LLC where a debtor owns an interest in an ordinary LLC and the debtor's bankruptcy estate is subject to administration by a trustee. The Court concludes that, pursuant to the preexisting bankruptcy case BK–N–10–54176 and the factual finding that Ms. Raj was Debtor's sole member, Trustee Gieseke controls the rights and interests of B & M Land and Livestock, LLC.

A conflicting state law provision, should any exist, would not compel a different outcome. The Court concludes that § 541 trumps any conflicting analysis or rules in state law relating to the control of LLCs or partnerships. *See In re First Protection*, 440 B.R. at 830 (discussed above); *In re Pickel*, 487 B.R. 289, 292 (Bankr.D.N.M. 2013) (§ 541(c)(1) preempts conflicting state law provisions); *In re Klingerman*, 388 B.R. 677, 679 (Bankr.E.D.N.C.2008) (§ 541(c) provides that all of a the debtor's interest passes to the estate notwithstanding applicable nonbankruptcy law and passes on filing the petition). The Court notes that the Bankruptcy Code has both the detriment and benefit of the Supremacy Clause.

■ Debtor has contended that the Nevada Supreme Court's decision in *Weddell v. H2O*, 271 P.3d 743 (Nev.2012), compels a different outcome. The Court disagrees. In *Weddell*, the court found that a judgment creditor's collection rights against a

member's interest in an LLC are limited to the judgment debtor's share of profit and distributions and that the judgment creditor is not entitled to participate in the management of the business. 271 P.3d at 749–50. As discussed above, the rights that § 541 provides to a trustee and the estate trump the approach taken by the Nevada Supreme Court. A ruling of the Nevada Supreme Court does not control where the Bankruptcy Code directs a contrary outcome. The case law addressed before the Court has consulted state law to determine whether a membership interest in an LLC constitutes a property interest, subject to the control of the bankruptcy estate. *In re First Protection,* 440 B.R. at 828. State law does not control the administration of property interests that are part of the bankruptcy estate. Further, the rights addressed in *Weddell* are analogous to the economic benefit that one would receive by executing on a partnership and receiving the economic benefit accruing to a partner. This is distinguished from the rights that a trustee requires to administer the estate or that an estate acquires under § 541. *In re Blixseth,* 484 B.R. at 369 (9th Cir. BAP 2012) (distinguishing *Weddell* and holding that a bankruptcy trustee had additional rights and remedies not available to the judgment creditor). *Blixseth* makes clear that the trustee's set of powers is broader than and encompasses that of the judgment creditor. *Weddell* both addresses a different set of rights than are applicable here and is trumped by the priority given to the Bankruptcy Code.

■■■ Where a bankruptcy petition has been filed on behalf of an entity by a party who lacks authorization to file on the entity's behalf, dismissal of the bankruptcy case is the appropriate remedy. *In re A–Z Electronics, LLC,* 350 B.R. at 891. The Chapter 7 Trustee properly possessed and controlled the bankruptcy estate. The petition filed on behalf of Debtor in this case indicates unanimous consent was given by Ms. Raj. Without the consent of the Chapter 7 Trustee, the petition for Debtor that Ms. Raj filed was unauthorized. The Court concludes that dismissal is appropriate here.

The Court grants the U.S. Trustee's motion to dismiss on the basis that the debtor did not have standing to file Debtor's bankruptcy petition. The only way to cure this deficiency would be for the Trustee to abandon the bankruptcy. The Court notes Trustee Donald Gieseke's Declaration of July 23, 2013, in which Trustee Gieseke affirms his intention to retain the membership interest and not abandon the estate's interest in Debtor. As Trustee Gieseke has declared that he will not abandon the bankruptcy estate's interest in Debtor, the Court concludes that Ms. Raj, the individual who filed this bankruptcy petition, does not have standing to do so. The Court grants the U.S. Trustee's motion to dismiss (Dkt. 16), and denies all other motions filed by Debtor, the U.S. Trustee, and Creditor as moot. The bankruptcy case is hereby dismissed.