**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1270**

In re:  GEOFFREY A. ROWE,

Debtor,

--------------------------------

H. JASON GOLD, Chapter 7 Trustee,

Trustee – Appellant,

and

JUDY A. ROBBINS, II, U.S. Trustee,

Trustee.

---------------------------------

UNITED STATES OF AMERICA,

Amicus Curiae,

NATIONAL ASSOCIATION OF BANKRUPTCY TRUSTEES,

Amicus Supporting Appellant,

JOHN J. KORZEN,

Court-Assigned Amicus Counsel.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:12-cv-01073-LO-TCB; 09-20446-RGM)

Argued:  January 28, 2014                 Decided:  April 28, 2014

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Reversed and remanded by published opinion. Judge Floyd wrote the opinion in which Judge Duncan and Senior Judge Davis joined.

**ARGUED**: Brett Shumate, WILEY REIN LLP, Washington, D.C., for Appellant. Patrick M. Wallace, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for John J. Korzen, Court-Assigned Amicus Counsel. N. Neville Reid, FOX, SWIBEL, LEVIN & CARROLL, LLP, Chicago, Illinois, for Amicus The National Association of Bankruptcy Trustees. **ON BRIEF**: Helgi C. Walker, Rebecca L. Saitta, WILEY REIN LLP, Washington, D.C., for Appellant. John J. Korzen, as Court-Assigned Amicus Counsel, Tammy C. Hsu, Third-Year Law Student, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Court-Assigned Amicus Counsel. Ramona D. Elliott, Deputy Director, P. Matthew Sutko, Wendy L. Cox, Executive Office for United States Trustees, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus United States of America. Erik J. Ives, FOX, SWIBEL, LEVIN & CARROLL, LLP, Chicago, Illinois; Ronald R. Peterson, JENNER & BLOCK LLP, Chicago, Illinois, for Amicus National Association of Bankruptcy Trustees.

FLOYD, Circuit Judge:

There are two questions presented in this appeal. The first is one of first impression: whether, in light of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), a bankruptcy court is required, absent extraordinary circumstances, to compensate Chapter 7 trustees on a commission basis. Thus far, no circuit court of appeals has confronted this issue, and the lower courts that have addressed it are deeply divided. Compare Hopkins v. Asset Acceptance LLC (In re Salgado-Nava), 473 B.R. 911, 921 (B.A.P. 9th Cir. 2012) (holding that, absent extraordinary circumstances, the fee award for Chapter 7 trustees is to be based on the commission rates provided in § 326(a)), and In re Eidson, 481 B.R. 380, 384 (Bankr. E.D. Va. 2012) ("The purpose of the amendment to Section 330(a)(3), and the addition of Section 330(a)(7) to the Code in 2005, was to clarify Congress's intent that the Trustee's compensation is, unlike professional fees, to be commission-based, absent extraordinary circumstances."), with In re Brous, 370 B.R. 563, 568 (Bankr. S.D.N.Y. 2007) ("By its terms, § 326(a) sets a maximum limit, but does not create right to or standard for awarding compensation."), and In re Clemens, 349 B.R. 725, 729 (Bankr. D. Utah 2006) (asserting that, even after the BAPCPA amendments, the bankruptcy court "must still determine the reasonableness of chapter 7 Trustee fees, but its

3

inquiry should now include a consideration of the provisions in § 326"). The second question presented is whether we should remand the case to the bankruptcy court with instructions to apply the correct legal standard after an evidentiary hearing. The Trustee contends that the bankruptcy court violated his right to due process when it reduced his compensation (1) without advance notice that it thought his fee request to be extraordinary or (2) a meaningful opportunity to put forth evidence to assuage the bankruptcy court's misgivings. We have jurisdiction over this matter pursuant to 28 U.S.C. § 158(d).

For the reasons that follow, we hold that, absent extraordinary circumstances, Chapter 7 trustees must be paid on a commission basis, as required by 11 U.S.C. § 330(a)(7). Hence, we reverse the district court's decision affirming the bankruptcy court's non-commission-based fee award and remand the case to the district court with instructions to vacate the Trustee's fee award and remand the matter to the bankruptcy court so that it can determine the proper commission-based fee to award to the Trustee.

I.

The Trustee in this Chapter 7 case, H. Jason Gold, requested a trustee's fee of $17,254.61. Finding that Gold failed to properly or timely complete his duties, however, the

4

bankruptcy court reduced his fee to $8,020.00. "Specifically, the bankruptcy judge said, 'The Trustee is at fault for not properly supervising this case . . . and for that reason I will allow his compensation based on his hourly rate but not on the compensation schedule in the code. That's $8020.'" In re Rowe, No. 1:12-cv-1073, 2013 WL 352654, at *1 (E.D. Va. Jan. 29, 2013). Gold moved that the bankruptcy court stay its order while on appeal to the district court, and the bankruptcy court granted his motion. Thereafter, the district court affirmed the bankruptcy court's decision, but it subsequently granted Gold's motion for a stay pending his appeal to this Court.

II.

Gold contends that the bankruptcy court erred in failing to award to him a commission-based fee. We review de novo the legal conclusions of the bankruptcy court and the district court. Alvarez v. HSBC Bank USA, N.A. (In re Alvarez), 733 F.3d 136, 140 (4th Cir. 2013). Thus, because we are called upon here to determine the proper application of §§ 330(a)(7) and 326(a), we review de novo "the appropriate statutory interpretation" of those statutes. See Johnson v. Zimmer, 686 F.3d 224, 227 (4th Cir. 2012) (quoting Botkin v. DuPont Cmty. Credit Union, 650 F.3d 396, 398 (4th Cir. 2011)) (internal quotation marks omitted).

5

According to Gold, he is entitled to a commission, pursuant to § 330(a)(7), based on the percentages set forth in § 326(a). In analyzing this claim, an overview of § 330(a) is helpful.

A.

Section 330(a)(1) provides, in relevant part, that,

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to section[] 326 . . ., the court may award to a trustee . . . reasonable compensation for actual, necessary services rendered by the trustee . . . or attorney and by any paraprofessional person employed by any such person; and . . . reimbursement for actual necessary expenses.

11 U.S.C. § 330(a)(1) (formatting omitted). Next, § 330(a)(2) states that "[t]he court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested." These two sections are the same today as they were before the enactment of the BAPCPA.

Before enactment of the BAPCPA, § 330(a)(3) read as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A)  the time spent on such services;
> (B)  the rates charged for such services;

6

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3) (Supp. 2005) (footnote omitted). But, the current version of § 330(a)(3) speaks only to the compensation of Chapter 11 trustees. Id. § 330(a)(3) ("In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors[.]"). Thus, § 330(a)(3) is generally immaterial in determining the compensation for a Chapter 7 trustee such as Gold.

Section 330(a)(4) is the same as it was before enactment of the BAPCPA. It proclaims, as is relevant here, that "the court shall not allow compensation for—(i) unnecessary duplication of services; or (ii) services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(4)(A) (formatting omitted). Sections 330(a)(5) and 330(a)(6) are irrelevant to the matter before us.

7

The BAPCPA added § 330(a)(7) to the Code.  This section instructs that, "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." According to § 326(a),

> [i]n a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

B.

"We begin, as we must, with the plain meaning of the statutes."  Gilbert v. Residential Funding LLC, 678 F.3d 271, 276 (4th Cir. 2012).  "The starting point for any issue of statutory interpretation . . . is the language of the statute itself."  Id. (alteration in original) (quoting United States v. Bly, 510 F.3d 453, 460 (4th Cir. 2007)) (internal quotation marks omitted).  "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.  When the words of a statute are unambiguous, then, this first canon is also the

8

last: 'judicial inquiry is complete.'" Id. (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)) (internal quotation marks omitted). Courts seek to "interpret [each] statute 'as a symmetrical and coherent regulatory scheme,' and 'fit, if possible, all parts into an harmonious whole.'" FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 133 (2000) (citations omitted).

Section 330(a)(7) consists of two parts: (1) a dependent clause—"In determining the amount of reasonable compensation to be awarded to a trustee"—and (2) an independent clause—"the court shall treat such compensation as a commission, based on section 326." In re Salgado-Nava, 473 B.R. at 916. "In reading this statutory directive, we think the most natural reading of this provision is that the independent clause states a mandatory rule, while the dependent clause states when that rule applies." Id.

Congress chose to employ the mandatory term "shall" in § 330(a)(7) when speaking of compensation for Chapter 7 trustees. See 11 U.S.C. § 330(a)(7) ("[T]he court shall treat such compensation as a commission, based on section 326."). Yet, it used the word "may" in other portions of the statute. See, e.g., id. § 330(a)(1) (the bankruptcy court "may" allow reasonable compensation after certain requisites are satisfied); id. § 330(a)(2) (same); id. § 326(a) (same). "[I]t is

9

uncontroversial that the term 'shall' customarily connotes a command, whereas the term 'may' typically indicates authorization without obligation." Air Line Pilots Ass'n, Int'l. v. U.S. Airways Grp., Inc., 609 F.3d 338, 342 (4th Cir. 2010). "[Y]oung children . . . . learn early on that 'may' is a wonderfully permissive word. 'Shall,' by contrast, is more sternly mandatory. And whatever the merits of believing 'may' means 'shall,' they do not apply when Congress has employed the two different verbs in neighboring statutory passages." Sheppard v. Riverview Nursing Ctr., Inc., 88 F.3d 1332, 1338 (4th Cir. 1996). "[W]hen the same Rule uses both 'may' and 'shall', the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory." Anderson v. Yungkau, 329 U.S. 482, 485 (1947).

Accordingly, we can rightly assume that Congress said what it meant and meant what it said when it chose to include the term "shall" in § 330(a)(7), thus making its application in the determination of Chapter 7 trustee fee awards mandatory. Examining the other operative words in § 330(a)(7), we note that a "commission" is "[a] fee paid to an agent or employee for a particular transaction, usu[ally] as a percentage of the money received from the transaction." Black's Law Dictionary 306 (9th ed. 2009). And, "based upon" means "derived from." Grayson v. Advanced Mgmt. Tech., Inc., 221 F.3d 580, 582 (4th Cir. 2000).

10

These definitions of the operative terms in the independent clause of § 330(a)(7) lead us to the unmistakable conclusion that, absent extraordinary circumstances, a Chapter 7 trustee's fee award must be calculated on a commission basis, as those percentages are set forth in § 326(a).

C.

But, what extraordinary circumstances might allow the § 326(a) commission rates to be reduced?  The court below stated that "extraordinary circumstances . . . include not performing trustee duties, performing them negligently or inadequately." In re Rowe, 484 B.R. 667, 669 (Bankr. E.D. Va. 2012).  In its Handbook for Chapter 7 Trustees, the United States Trustee has stated that, "[e]xtraordinary factors are expected to arise only in rare and unusual circumstances and include situations such as where the trustee's case administration falls below acceptable standards or where it appears a trustee has delegated a substantial portion of his or her duties to an attorney or other professional."  2 U.S. Trustee, Handbook for Chapter 7 Trustees Ch. 2-1, at 39 (Apr. 2012), available at http://www.justice.gov/ust/eo/ust_org/ustp_manual/docs/Volume_2_Chapter_7_Case_Administration.pdf.  At oral argument, Gold suggested that a court may also wish to consider evidence of the customs and practices of other Chapter 7 trustees—both locally

11

and nationally—in making this determination. It suffices to say that, with these broad parameters providing guidance, the bankruptcy courts will be required to make the determination of whether extraordinary circumstances exist in a Chapter 7 action on a case-by-case basis.

It bears noting that the term "extraordinary circumstances" is absent from the statute. Nevertheless, its employment in the Chapter 7 fee determination scheme appears to be an attempt to reconcile § 330(a)(7) and § 326(a) with § 330(a)(1) and § 330(a)(2).

As the reader will recall, § 330(a)(7) sets forth a mandatory rule that "the court shall treat [the Chapter 7 trustee's] compensation as a commission, based on section 326." Thus, reading § 330(a)(7) alongside § 330(a)(1) ("The court may award to a trustee . . . reasonable compensation for actual, necessary services rendered by the trustee." (formatting omitted)), Congress stated, in effect, that the commission rates in § 326(a) are reasonable compensation for Chapter 7 trustees. See In re Salgado-Nava, 473 B.R. at 920 ("[W]e must assume that Congress already has approved fees set as commissions in § 326 as reasonable for the duties it has set out for such trustees . . . . In effect, Congress has set both the duties of a trustee and the 'market' rate for compensation related to the delivery of those services.").

12

Nevertheless, it strains the bounds of credulity to think that Congress would have thought those rates to be reasonable—or meant for Chapter 7 trustees to receive those rates—when extraordinary circumstances are present. This is when § 330(a)(2) comes into play. As we noted above, § 330(a)(2) provides that "[t]he court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested."

Synthesizing § 330(a)(2)—a permissive section—with § 330(a)(7)—a mandatory section—leads us again to the same conclusion: as a general rule, the fee for Chapter 7 trustees must be determined on a commission basis, as set forth in § 326(a). See In re Salgado-Nava, 473 B.R. at 921 ("[A]bsent extraordinary circumstances, chapter 7 . . . trustee fees should be presumed reasonable if they are requested at the statutory rate. . . . Thus, absent extraordinary circumstances, bankruptcy courts should approve chapter 7 . . . trustee fees without any significant additional review.") Yet, in extraordinary circumstances, the bankruptcy court may reduce the fee, pursuant to § 330(a)(2). See 11 U.S.C. § 330(a)(2) ("The court may . . . award compensation that is less than the amount of compensation requested."). As such, § 330(a)(7) creates a presumption, but

13

not a right, to a statutory maximum commission-based fee for Chapter 7 trustees. But still, the starting point for deciding Chapter 7 trustee compensation is always the commission rate to which the trustee would normally be entitled had no extraordinary circumstances existed.

D.

Here, in determining Gold's fee, the bankruptcy court found that Gold "did not properly discharge his duties. He did not administer the estate expeditiously and in a manner compatible to the best interests of the parties in interest." In re Rowe, 484 B.R. at 669. It also found that he neglected to adequately supervise the case. Id. at 670. Consequently, the bankruptcy court based Gold's compensation on an hourly rate, as opposed to a commission-based rate, as dictated by § 330(a)(7). In light of the plain meaning of § 330(a)(7), however, this was a legal error.

The bankruptcy court ought to have first determined what the maximum statutory commission rate for this case was, pursuant to § 326(a). Only after doing that should it have decided whether any extraordinary circumstances existed such that the proper commission rate set out in § 326(a), which is presumptively reasonable, was in fact unreasonable, and, thus, should have been reduced. As the In re Salgado-Nava court held,

14

when confronted with extraordinary circumstances, the bankruptcy court's examination of the relationship between the commission rate and the services rendered may, but need not necessarily include, the § 330(a)(3) factors and a lodestar analysis. But bankruptcy courts still must keep in mind that tallying trustee time expended in performing services and multiplying that time by a reasonable hourly rate ordinarily is beyond the scope of a reasonableness inquiry involving commissions.

473 B.R. at 921. Whatever factors that the bankruptcy court considers when reducing the fee, it should make detailed findings of fact explaining the "rational relationship between the amount of the commission and the type and level of services rendered." Id.

### III.

Gold also argues that we ought to vacate the bankruptcy court's order and remand with instructions to apply the correct legal standard after an evidentiary hearing. As we observed above, Gold maintains that the bankruptcy court violated his right to due process in reducing his compensation without either advance notice that it harbored reservations as to the appropriateness of his requested fee or a meaningful opportunity to present evidence addressing the bankruptcy court's concerns. "When an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further

15

proceedings to permit the trial court to make the missing findings." Pullman—Standard v. Swint, 456 U.S. 273, 291 (1982).

We need not reach the second question on appeal. In light of our decision directing the district court to remand the case to the bankruptcy court, Gold will be given an opportunity to address these matters with that court in due course.

IV.

For these reasons, we reverse the district court's decision affirming the bankruptcy court's non-commission-based fee award and remand the case to the district court with instructions to vacate the Trustee's fee and remand the matter to the bankruptcy court so that it can determine the proper commission-based fee to award to the Trustee.

REVERSED AND REMANDED