In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1150

IN RE: JOHN M. WILSON, *et al.*,

*Debtors.*

APPEAL OF: MOHNS, INC.,

*Creditor.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 14-C-1280 — **Lynn Adelman**, *Judge.*

ARGUED MAY 29, 2015 — DECIDED AUGUST 10, 2015

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*. This appeal challenges as excessive the fee—$28,030.33—awarded by the bankruptcy court to the bankruptcy trustee, Bruce Lanser, in a Chapter 7 bankruptcy and upheld by the district court. The challenge is by the debtors' principal unsecured creditor, Mohns, Inc.

The debtors (a married couple) had hired Mohns to build a house for them, but they were dissatisfied with Mohns's work and refused to pay. Mohns sued them in state court

and obtained a $142,899 judgment. Unable to pay it, the debtors filed a Chapter 7 petition in February 2011. The bankruptcy proceeding, including the culminating tussle over the trustee's fee, has lasted for more than four years, during which time the trustee has collected a total of $498,621.56 to distribute to Mohns and the debtors' other creditors. "In a case under chapter 7 or 11, the court may allow reasonable compensation … of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). The amount awarded the trustee by the bankruptcy court was just under the maximum amount allowable for the services that he had rendered; as the result of a mistake in his fee application he had asked for slightly less than the maximum allowable amount.

A different section of the Bankruptcy Code authorizes the bankruptcy court to award a trustee "reasonable compensation for actual, necessary services rendered by the trustee." 11 U.S.C. § 330(a)(1)(A); and section 330(a)(7) provides that "in determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326," the key subsection of which (subsection (a), which governs Chapter 7 cases) we quoted above. But should such treatment overcompensate the trustee, because he had sold assets of the

bankrupt estate below fair market value or committed other serious errors, the award to the trustee can be reduced. See *In re Rowe*, 750 F.3d 392, 397–98 (4th Cir. 2014).

The principal unsecured creditor—the fiercely litigious Mohns, the only objector to the fee awarded to the trustee—mounts only one objection that merits extended consideration. It is that most of the money distributed by the trustee to creditors of the bankrupt—$370,996.54—went to mortgagees of the debtors' home, which the trustee had sold to raise money for the creditors. Secured creditors, such as mortgagees, don't have to participate in their debtor's bankruptcy proceeding in order to collect their secured debt; they can instead foreclose their mortgages (assuming the court has lifted the automatic stay) and from the proceeds of the foreclosure sale collect the debt owed them. By selling the debtors' home the trustee saved the secured creditors the bother and expense of foreclosure. Yet that was not a saving of the entire $370,996.54 that they received, for they would have received most of it (net of expenses) had they foreclosed.

But Mohns goes too far in asking that for purposes of calculating the trustee's fee the *entire* amount (every penny of the $370,996.54 received by the mortgagees) be subtracted from the disbursement by the trustee in calculating the fee to which the trustee was entitled. Such a subtraction would result in calculating the net disbursement by the trustee to the creditors to be only $127,625.02, an estimate that would reduce the trustee's maximum fee to $9,631.25 in accordance with the formula in section 326(a). That would be an extraordinarily meager fee for the trustee's labors. Remember that he was entitled by section 330(a)(1)(A) to be compensated for services that were both "actual" and "necessary"

("necessary" including required to compensate secured creditors without putting them to the bother and expense of foreclosure—section 326(a) specifies that the calculation of the commission should include disbursements to "holders of secured claims"). Trustees are entitled to "compensation commensurate with the services they perform. Secured claims and those entitled to priority constitute a large proportion of most estates. The administration of estates with such secured claims frequently presents complex issues for the trustee. Insofar as the purpose of section 326 is to compute a trustee's maximum compensation based on the moneys that the trustee administers, it would be inequitable to exclude from that fund the moneys associated with complicated secured claims." 3 *Collier on Bankruptcy* ¶ 326.02[1][f][i].

The trustee has no automatic entitlement to a fee based on the amount of time that he spends, for his fee is to be based on the "services" he renders in the bankruptcy proceeding and a "commission" is a payment for a specific service rather than being based, as in the case of a salary, on number of hours worked. See generally *Alvarado v. Corporate Cleaning Services, Inc.*, 782 F.3d 365 (7th Cir. 2015). Even so, the amount of time a trustee works on a case is relevant to valuing his services. The trustee has estimated without contradiction that he and his staff (which presumably he had to compensate out of his own pocket) spent at least 200 hours working on the case—a reasonable amount of time given Mohns's litigiousness—at an average hourly expense of $140.15 ($28,030.33 ÷ 200), which is not excessive.

Mohns also argues that the trustee's fee should not be based on the sale of the home because the trustee initially

objected to the sale and then spent only a little time on the sale itself. The trustee objected to the sale because his calculations showed that after subtraction of the homestead exemption, sale expenses, and secured claims there would be nothing left for the debtors' estate. That was a reasonable position; and anyway after insisting on the sale Mohns will not now be heard to object to the trustee's recovering fees based on it, because as we said commission compensation is not based on the amount of time spent on a project.

By way of further objection Mohns points out that Rule 2016 of the Federal Rules of Bankruptcy Procedure states that a trustee seeking fees must submit an application specifying "the services rendered, time expended and expenses incurred." The trustee did not fully comply with the rule; he did not account for specific services rendered for every single hour billed. But this violation of the rule's literal language was harmless, considering his uncontroverted estimate that he spent 200 hours on the bankruptcy, and the bankruptcy judge's personal observation of the trustee's work.

The two statutes governing trustee compensation are not overgenerous. Taken together they set clear limits on such compensation that were not exceeded by the fee awarded the trustee.

AFFIRMED