# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20492

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2020

Lyle W. Cayce
Clerk

In the Matter of: Raquel Tricia King

> Debtor

JOSEPH M. HILL,

> Appellant

v.

RAQUEL TRICIA KING, also known as Raquel Tricia Boutte, also known as Raquel King Boutte,

> Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3380

Before DENNIS, GRAVES and WILLETT, Circuit Judges.

PER CURIAM:*

Chapter 7 trustee Joseph M. Hill appeals the district court's affirmance of the bankruptcy court's denial in part of his application for compensation and expenses. We AFFIRM for the reasons set out herein.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20492

## FACTS AND PROCEDURAL HISTORY

Debtor Raquel Tricia King filed a voluntary Chapter 7 petition on January 24, 2013, and Hill was appointed trustee. Though King's schedules showed no cash or hard assets for liquidation, Hill determined that various issues, including King's recent acrimonious divorce, required additional investigation. Hill asserts that there were numerous assets jointly owned by King and her ex-husband, Eric Boutte, that had not been liquidated. Additionally, Boutte had alleged irregularities and inconsistencies in King's schedules.

Hill retained his law firm, Cage, Hill & Niehaus, LLP, (CHN) as authorized by the court, to investigate any irregularities. On November 16, 2015, CHN filed an application for compensation of $123,282.25 in fees and expenses of $4,560.03 for its research and investigation. The largest creditor objected, and an evidentiary hearing was held. On March 18, 2016, the bankruptcy court issued an opinion approving $42,140.75 of the requested fees and $3,712.26 of the requested expenses. *In re King* (*King I*), 546 B.R. 682, 736 (Bankr. S.D. Tex. 2016). The court found that some requested fees were not compensable for various reasons and that some entries included multiple services "lumped" into a single time entry. More importantly, the bankruptcy court also found that Hill had violated his fiduciary duty to the estate by allowing his firm to seek illegitimate fees from the estate. CHN did not appeal the bankruptcy court's order.

On June 10, 2016, Hill filed his application for compensation and expenses, seeking $28,461.93 pursuant to the statutory maximum under 11 U.S.C. § 326(a) and $253.50 in expenses. After an evidentiary hearing, the bankruptcy court issued an order on October 28, 2016, holding, in relevant part that: (1) Hill violated his fiduciary duty by allowing his law firm to seek excessive fees; (2) Hill violated Bankruptcy Rule 9019 by settling a portion of

2

the Objection to Exemption without court approval; (3) Hill allowed CHN to bill $515.50 for reviewing claims but stated in his application to retain CHN that he would review claims; and (4) Hill violated Bankruptcy Rule 2016(a) by not submitting detailed statements with his application. *In re King* (*King II*), 559 B.R. 158 (Bankr. S.D. Tex. 2016). After consideration, the bankruptcy court found that Hill was entitled to total fees of $5,692.39 and expenses of $111.88. *Id.* at 175. Hill appealed to the district court, which affirmed without discussion. Hill subsequently filed this appeal.

## STANDARD OF REVIEW

We review the district court's decision by "applying the same standard of review to the bankruptcy court's conclusions of law and findings of fact that the district court applied." *In re Cahill*, 428 F.3d 536, 539 (2005). The bankruptcy court's award of fees is reviewed for abuse of discretion. *Id.* "An abuse of discretion arises where (1) the bankruptcy judge fails to apply the proper legal standard or follows improper procedures in determining the fee award, or (2) bases an award on findings of fact that are clearly erroneous." *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1325 (1989). Hill bears the burden of proof in a fee application case. *Id.* "Moreover, since every dollar received by the applicant results in one dollar less for creditors, justification for compensation is a necessity." *Id.* at 1326.

## DISCUSSION

### I. Whether the bankruptcy court applied the correct standard in determining the trustee's compensation.

Hill asserts that the bankruptcy court applied an incorrect standard in determining his compensation and erred in finding that he had breached his fiduciary duty. Specifically, as to the standard, Hill asserts that the compensation of a Chapter 7 trustee is not controlled by 11 U.S.C. § 330(a)(3), but rather by section 330(a)(7).

No. 19-20492

Section 326 of the bankruptcy code states, in relevant part, that "under Chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services." 11 U.S.C. § 326(a).

Section 330 states, in relevant part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee . . . .
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee . . . ; and
> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

11 U.S.C. § 330(a)(1),(2). Section 330 also provides the following guidance:

> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for--
> (i) unnecessary duplication of services; or
> (ii) services that were not--
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.
> . . .
> (5) The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.
>
> (6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.
>
> (7) In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

11 U.S.C. § 330(a)(4)-(7).

4

No. 19-20492

The question centers around determining "reasonable compensation." This court discussed the above language and adopted the appropriate method for determining Chapter 7 compensation in the case of *In re JFK Capital Holdings*, 880 F.3d 747 (5th Cir. 2018). In *JFK Capital Holdings*, this court specifically declined to adopt the approach used by the bankruptcy court here. *Id.* at 753. Instead, this court adopted the interpretation that the trustee's compensation is treated as commission and "the percentage amounts listed in Section 326 are presumptively reasonable for Chapter 7 trustee awards." *Id.*[1] However, importantly, this court further added that treating Chapter 7 trustee's compensation as a commission "leav[es] open the possibility of a reduced commission based on 'extraordinary circumstances.'" *Id.* at 755 (citing *In re Rowe*, 750 F.3d 392, 397 (4th Cir. 2014)). In doing so, the court stated:

> To the extent extraordinary circumstances explicitly trigger the remaining provisions of Section 330, we agree such a circumstance might preclude a commission award. To the extent an extraordinary circumstances analysis evaluates the types of reasonableness factors articulated in Section 330(a)(3), such an approach suffers the same flaw as the district court's approach here. There is little distinction between the departure from a commission-based approach under extraordinary circumstances versus the pre-BAPCPA reasonableness inquiry.

*Id.* at 755-56.[2]

The court further said:

> While we recognize that Section 330 still allows a reduction or denial of compensation, this should be a rare event. We acknowledge that exceptional circumstances can alter the compensation, but "exceptional" is the key. The commission-based framework established by Congress facilitates more efficient Chapter 7 trustee compensation in the courts by placing the

---

[1] *See Mohns, Inc. v. Lanser*, 522 B.R. 594, 601 (E.D. Wis.), *aff'd sub nom. In re Wilson*, 796 F.3d 818 (7th Cir. 2015).

[2] BAPCPA is the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

No. 19-20492

burden on the trustees to avoid wasting resources, as their commission remains the same regardless of potentially duplicative or unnecessary services.

*Id.* at 756.

Here, the bankruptcy court predicted and addressed the possibility that this court may adopt the above approach. Specifically, the bankruptcy court said:

Even assuming, however, that the Fifth Circuit were to adopt the holding in *Rowe*, this Court finds: (a) that "extraordinary circumstances" exist here (for the reasons discussed herein); (b) it is the Trustee's burden to introduce evidence to prove that despite such extraordinary circumstances, this Court should still award him the fee that he requests; and (c) the Trustee has failed to meet this burden.

*King II*, 559 B.R. at 165 n. 9.

Thus, while Hill is arguably correct that the bankruptcy court applied an incorrect standard based on then-existing precedent or the lack thereof, the court also applied the correct standard in the alternative, making remand unnecessary on this issue.

## II. Whether the bankruptcy court erred in finding that the trustee breached his fiduciary duty.

Hill asserts that the bankruptcy court erred in finding that he breached his fiduciary duty.

In the first order addressing the fee application of CHN, the bankruptcy court "expressly found that [Hill] had violated his fiduciary duty to the estate 'by allowing his firm to seek illegitimate fees from the estate.'" *King II*, 559 B.R. at 159 (citing *King I*, 546 B.R. at 685) (internal citation omitted).  In that order, the bankruptcy court also gave Hill notice of its concerns and intention to hold a subsequent hearing to determine whether Hill should be "afforded an

6

absolute presumption of maximum compensation." *King I*, 546 B.R. at 689, n.3. That order was not appealed.

The bankruptcy court adopted the findings of fact and conclusions of law from that first order in deciding Hill's subsequent application, which contained no supporting documentation. In its order setting a hearing on Hill's application, the bankruptcy court encouraged Hill to offer testimony and exhibits to support his application. *King II*, 559 B.R. at 160. Hill testified at the hearing but offered no exhibits. *Id.* During the hearing, Hill acknowledged that he had failed to review each individual time entry of CHN but instead merely reviewed the narrative of CHN's application. *Id.* at 161. Hill also acknowledged that he had delegated review of the time entries to Timothy Wentworth, a colleague at CHN.

The bankruptcy court found that Hill violated his fiduciary duty based on various factors, including the following: By letting his own firm seek excessive, improper fees because he "abdicated his fundamental duty of reviewing the law firm's timesheets"; by unilaterally settling a portion of his objection to King's exemptions without filing an application to compromise pursuant to Bankruptcy Rule 9019;[3] by making two misrepresentations to the court when seeking approval to retain his own law firm;[4] and by disregarding

---

[3] Hill settled for $4,000, an amount substantially less than the $24,885 Hill's appraiser deemed the value of the jewelry that King was attempting to exempt. *King I*, 546 B.R. at 733-34; *King II*, 559 B.R. at 165.

[4] The misrepresentations are: (1) That the review and assessment of claims is routinely undertaken by the trustee without incurring legal fees (Hill's firm billed for reviewing claims); and (2) the statement that employment of his firm would "be in the best interest of creditors in this estate" because Hill's presence would ensure greater control and fee monitoring (the court found that Hill had virtually no control and did no fee monitoring). *King I*, 546 B.R. at 736; *King II*, 559 B.R. at 165-66.

No. 19-20492

Rule 9019 during his administration of the case and Rule 2016 in pursuit of his fees.[5]

Hill takes issue with each of the bankruptcy court's findings, disputes that he allowed CHN to seek excessive fees, characterizes his errors as "minor," asserts that the bankruptcy court improperly considered the factors under Section 330(a)(3), and states that he should be presumed an "ordinary trustee" rather than an attorney with extensive bankruptcy experience. In doing so, Hill attempts to reargue CHN's application for fees, which was not appealed, and he ignores applicable authority.

As stated previously, Hill bears the burden of proof in this case. To establish an abuse of discretion, Hill must show that the bankruptcy court failed to apply the proper legal standard or followed improper procedures in determining the fees or that it based an award on clearly erroneous findings of fact. *Evangeline*, 890 F.2d at 1325. Hill is unable to establish either or provide justification for the full amount of compensation he seeks.

For the reasons stated herein, we AFFIRM the district court's order affirming the bankruptcy court.

---

[5] Bankruptcy Rule 2016 requires that a trustee seeking compensation "shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. Proc. 2016(a).