**FILED**

**U.S. Bankruptcy Appellate Panel
of the Tenth Circuit**

**January 22, 2019**

**Blaine F. Bates**
**Clerk**

PUBLISH

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

IN RE SAMUEL JESSE CHRISTIAN MORREALE,

Debtor.

_____

TOM H. CONNOLLY,

Appellant,

v.

OFFICE OF THE UNITED STATES TRUSTEE and SAMUEL JESSE CHRISTIAN MORREALE,

Appellees.

BAP No. CO-18-063

Bankr. No. 13-27310
Chapter 7

OPINION

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado

_____

Michael Panko (Andrew J. Roth-Moore with him on the brief) of Brownstein Hyatt Farber Schreck, LLP, Denver, Colorado for the Appellant.

Jordan Factor (Matthew M. Wolf with him on the brief) of Allen Vellone Wolf Helfrich & Factor P.C., Denver, Colorado for the Appellee.

_____

Before **NUGENT**, Chief Judge, **MICHAEL**, and **SOMERS**, Bankruptcy Judges.

_____

**NUGENT**, Chief Judge.

_____

11 U.S.C. § 326(a)[1] limits the maximum commission to be paid to a Chapter 7 trustee to a percentage of the moneys disbursed or turned over "in the case."[2] Appellee Morreale's individual Chapter 7 trustee asked to be paid commissions based on his disbursements, not only in Morreale's individual Chapter 7 case, but also in Morreale's single-member limited liability company's Chapter 11 case. The parties agreed that the only legal issue was whether the Chapter 11 disbursements had been made "in the [Chapter 7] case"[3] and could be included in the commission base before applying § 326(a)'s graduated commission formula. Applying the plain language of § 326(a) in a straightforward manner, the bankruptcy court concluded that the section is unambiguous, that the Chapter 11 disbursements were not part of the Chapter 7 disbursement base, and that the Chapter 7 trustee could not be paid a commission based upon the Chapter 11 disbursements. We agree and AFFIRM.

Facts

We adopt the bankruptcy court's factual statement, summarized as follows. Samuel Morreale ("Morreale") organized, owned, and managed a single-member limited liability company, Morreale Hotels, LLC ("MHLLC" or "LLC"), that acquired, renovated, and operated two properties in Denver. MHLLC filed a Chapter 11 petition in December of 2012. Morreale filed an individual Chapter 11 case in October of 2013 that

---

[1] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.
[2] 11 U.S.C § 326(a).
[3] *Id.*

was converted to Chapter 7 in late 2014.[4] Appellant Tom Connolly ("Connolly") was appointed Chapter 7 trustee in Morreale's individual case;[5] the Chapter 7 estate included Morreale's interest in MHLLC. Connolly obtained an order in MHLLC's Chapter 11 case substituting himself for Morreale as manager of MHLLC and authorizing him to manage and operate the business of MHLLC ("Operating Order").[6] Upon gaining control of MHLLC, Connolly abandoned MHLLC's plan of reorganization and ultimately proposed a plan of liquidation after seeking and obtaining bankruptcy court approval to sell the MHLLC properties.[7] Acting as MHLLC's manager, Connolly sold the two properties in MHLLC's Chapter 11 case and disbursed the proceeds of those sales to MHLLC's secured and unsecured creditors. Surplus funds were paid to Morreale's Chapter 7 estate. Neither the Operating Order, the confirmed amended Chapter 11 plan of liquidation, nor the sale motions filed in MHLLC's Chapter 11 case addressed whether Connolly would be compensated in connection with the MHLLC sales.[8] Nor did Connolly seek appointment as a Chapter 11 trustee or a professional in the Chapter 11

---

[4] *Judgment*, *in* Appellant's App. at 130.

[5] *Notice of Appointment of Interim Trustee in* Appellant's App. at 131.

[6] *Motion to Approve Change in Management of the Debtor [MHLCC]*, *in* Appellant's App. at 600; *Minute Order dated April 21, 2015* at 2, *in* Appellant's App. at 647.

[7] *Chapter 11 Plan dated January 8, 2016*, *in* Appellee's App. at 81; *Amended Chapter 11 Plan dated January 8, 2016* [sic], *in* Appellee's App. at 95.

[8] We note that the initial Chapter 11 plan of liquidation provided for Connolly to be compensated for his services as manager of MHLCC, but after the United States Trustee objected, that compensation provision was withdrawn from the amended Chapter 11 plan. *Compare Chapter 11 Plan* at 6, ¶ 5.2.c., *in* Appellee's App. at 86 *with Amended Chapter 11 Plan* at 6, ¶ 5.2.c., *in* Appellee's App. at 100 ("This subsection intentionally left blank.").

3

case. When he filed his Application requesting to be paid commissions in the Chapter 7 case based upon disbursements made in both cases, Morreale objected.[9] Because the Chapter 7 estate also contained more funds than necessary to pay all its creditors, Morreale claimed an interest in the surplus. Morreale asserted that under § 326(a)'s formula, Connolly should only be granted a commission on disbursements made in the Chapter 7 case. Connolly responded that because his actions in MHLLC's Chapter 11 case benefitted the Chapter 7 estate, he should receive § 326(a) commissions on what he disbursed in the Chapter 11 case. No evidence was presented at the bankruptcy court hearing on the Application and the parties agreed that the sole issue before the bankruptcy court was whether § 326(a) included the Chapter 11 disbursements in the Chapter 7 commission base, for purposes of calculating his compensation as Chapter 7 trustee.[10] The bankruptcy court concluded it did not and denied Connolly a commission on the Chapter 11 disbursements.[11] This appeal followed.

Jurisdiction

This is an appeal from the bankruptcy court's Compensation Order denying Connolly's request for additional compensation based on disbursements made in the

---

[9] *First Interim Application of Tom Connolly, Chapter 7 Trustee, for Allowance of Compensation and Expenses* ("Application"), *in* Appellant's App. at 281; *Debtor's Objection to First Interim Application of Tom Connolly, Chapter 7 Trustee, for Allowance of Compensation and Expenses* ("Objection"), *in* Appellant's App. at 316.

[10] *Tr. of Non-Evidentiary Hearing on First Interim Application of Tom Connolly, Chapter 7 Trustee and Debtor's Objection held on Aug. 17, 2017*, *in* Appellant's App. at 502, 505, 520-22, 552.

[11] *Supplemental Order on Trustee's First Interim Application of Tom Connolly, Chapter 7 Trustee, for Allowance of Compensation and Expenses* ("Compensation Order"), *in* Appellant's App. at 381.

Chapter 11 case of MHLLC.[12] The motions panel granted the *Trustee's Motion for Leave to Appeal Compensation Order*,[13] determining that the interlocutory appeal involved a controlling question of law to which there is substantial ground for difference of opinion and that an immediate resolution of the compensation issue may materially advance disposition of the Chapter 7 bankruptcy case.[14] We agree and find that this Court has jurisdiction under 28 U.S.C. § 158(a)(3).

Standard of Review

The parties presented no relevant disputed facts that require our review.[15] We review the bankruptcy court's interpretation of § 326(a) as a question of law de novo.[16]

Analysis

---

[12] *Id.* at Appellant's App. at 381.

[13] Appellant's App. at 398; BAP ECF No. 3.

[14] *Order Granting Leave to Appeal* at 2, BAP ECF No. 9.

[15] Before we reach the merits of the appeal, we consider Morreale's unopposed motion to supplement the record on appeal previously referred to the merits panel. *See* BAP ECF No. 25. He requests that we supplement the record with the *Joint Status Report on Debtor's Motion for Partial Interim Disbursement of Surplus Estate Funds* (the "Joint Status Report") filed by the parties in this appeal, and with the transcript of the confirmation hearing in the MHLLC case. *See* BAP ECF No. 22. Neither of these documents bear on our interpretation of § 326(a), the legal issue before us. The Joint Status Report was filed after the bankruptcy court issued its Compensation Order and likely not considered by that court in reaching its decision. The MHLLC confirmation hearing transcript likewise sheds no light on the pure legal issue before us. Morreale's motion to supplement the record is DENIED.

[16] *Dalton v. I.R.S.,* 77 F.3d 1297, 1299 (10th Cir. 1996) (citing *Murray v. Montrose Cty. Sch. Dist. RE-1J*, 51 F.3d 921, 928 (10th Cir. 1995)); *In re BDT Farms, Inc.,* 21 F.3d 1019, 1021 (10th Cir. 1994) (citing *FDIC v. Lowery,* 12 F.3d 995, 966 (10th Cir. 1993)). *See also In re JFK Capital Holdings, L.L.C.,* 880 F.3d 747, 751 (5th Cir. 2018) (reviewing an award of Chapter 7 trustee fees for abuse of discretion; an abuse of discretion occurs if the bankruptcy court "applies an improper legal standard [, reviewed de novo,] or follows improper procedures in calculating the fee award.").

We begin with the general statute governing compensation of trustees and professional persons, § 330(a)(1). When applicable, the amount of reasonable compensation of such persons is determined by considering "the nature, the extent, and the value of such services,"[17] accounting for the factors enumerated in § 330(a)(3). But § 330 expressly removes the determination of a Chapter 7 trustee's reasonable compensation from the factors' analysis by making it "subject to section[ ] 326"[18] and omitting Chapter 7 trustees from the persons whose reasonable compensation is determined by the § 330(a)(3) factors.[19]

Section 326(a) caps the maximum compensation a Chapter 7 trustee can receive in a case by establishing a multi-tiered commission formula for calculating a Chapter 7 trustee's reasonable compensation. The subsection provides:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee *for the trustee's services*, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, *upon all moneys disbursed or turned over in the case by the trustee* to parties in interest, excluding the debtor, but including holders of secured claims.[20]

---

[17] 11 U.S.C. § 330(a)(3).

[18] 11 U.S.C. § 330(a)(1). *See In re Salgado-Nava,* 473 B.R. 911, 921 (9th Cir. BAP 2012) (noting Congress removed Chapter 7 trustee fees from § 330's reasonableness factors and set commission rates for trustees in § 326).

[19] 11 U.S.C. § 330(a)(3) (determining "amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person").

[20] 11 U.S.C. § 326(a) (emphasis added).

In addition to § 326(a), Congress added subsection (a)(7) to § 330 when it enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.[21] That section requires Chapter 7 trustee compensation to be calculated under § 326(a):

> *In determining the amount of reasonable compensation* to be awarded to a trustee, the court *shall* treat such compensation as a commission, *based on section 326.*[22]

Some courts that have considered the interplay between § 326(a) and § 330(a)(7) have concluded that a Chapter 7 trustee's commission calculated under § 326(a) establishes a presumptively reasonable trustee fee.[23] Section 330(a)(2) gives the bankruptcy court discretion to award less compensation than the amount sought where extraordinary circumstances exist (but not more).[24] Nothing in these fee statutes authorizes bankruptcy courts to award more than § 326(a)'s maximum compensation to

---

[21] BAPCPA, Pub. L. 109-8, § 407, 119 Stat. 23 (2005).

[22] 11 U.S.C. § 330(a)(7) (emphasis added).

[23] *See In re JFK Capital Holdings, L.L.C.,* 880 F.3d 747, 753 (5th Cir. 2018) (concluding § 326's percentage amounts are presumptively reasonable compensation for Chapter 7 trustee fees); *In re Rowe,* 750 F.3d 392, 398-99 (4th Cir. 2014) (requiring Chapter 7 trustee fees to be calculated on the commission rates provided in § 326(a) and determining them presumptively reasonable, absent extraordinary circumstances); *In re Salgado-Nava,* 473 B.R. at 921 (noting Congress would not have set commission rates for Chapter 7 trustees, and removed Chapter 7 trustee compensation from § 330's reasonableness factors, unless it generally considered the commission rate reasonable); *In re Turner Grain Merch., Inc.,* 568 B.R. 96, 102 (Bankr. E.D. Ark. 2017) (characterizing the "trending view" of § 330(a)(7) and § 326(a)).

[24] *In re Rowe,* 750 F.3d at 398. *See also* 3 *Collier on Bankruptcy* ¶ 326.02[1][a] (Richard Levin and Henry J. Sommer eds., 16th ed. rev. 2015) (For cases filed after BAPCPA, the reasonableness factors in § 330 may be considered in determining whether extraordinary circumstances exist that warrant a downward departure from § 326(a)'s statutory cap).

Chapter 7 trustees.[25] The issue here is whether the bankruptcy court correctly interpreted and applied § 326(a) in determining Connolly's compensation for services rendered as trustee in Morreale's Chapter 7 case.

Because this appeal presents an issue of statutory interpretation, we look first to the language of § 326(a) to ascertain whether the language is plain and unambiguous.[26] If it is, the inquiry ends, and those plain terms must be applied as written.[27] The parties and the bankruptcy court considered the meaning of the phrase "in the case" in § 326(a) to be the key dispute. That phrase is not defined in the Bankruptcy Code, but its meaning here is critical to determining the amount of the base to which § 326(a)'s tiered commission rates are applied.[28] Connolly suggests that "in the case" only relates to the words "turned over," and not "moneys disbursed."[29] He contends that the base may include amounts disbursed in other, separate cases such as MHLLC's Chapter 11 case where his services benefited the Chapter 7 estate. We disagree. Not only does that interpretation insert words into the statute that simply aren't there, but it also collides with our understanding of grammar. The word "or" is a coordinating conjunction used to "join clauses of equal stature."[30] Here, "or" conjoins two concepts—disbursement and turnover—that describe

---

[25] 3 *Collier on Bankruptcy* ¶ 326.02[d] (courts lack discretion to award compensation in excess of what § 326(a) allows).

[26] *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989).

[27] *Lamie v. U.S. Trustee,* 540 U.S. 526, 534 (2004).

[28] *Hamilton v. Lanning,* 560 U.S. 505, 513 (2010) (giving undefined statutory terms their ordinary meaning).

[29] 11 U.S.C. § 326(a).

[30] *See* Bryan A. Garner, The Redbook: A Manual on Legal Style ¶ 10.46 (2002).

kinds of disposition and are, in that respect, two similar elements. In § 326(a), both are related to and modified by the words "in the case."[31]

The larger phrase "upon all moneys disbursed or turned over in the case" is prepositional: the preposition "upon" relates the concept of "all moneys disbursed or turned over in the case" to the "reasonable compensation" the court may allow a trustee, "payable" as calculated using the sliding scale.[32] Within that prepositional phrase is another, "in the case." The preposition "in" relates the "all moneys disbursed or turned over" concept to "the case." Thus, this single-sentence subsection essentially means that a Chapter 7 or 11 trustee receives as compensation a certain percentage of funds he or she receives and pays out in the Chapter 7 or 11 case. It is not ambiguous.

Our reading of § 326(a) is not just cabined by our reading of the isolated phrase "in the case."[33] Section 326(a) contains other language indicating that the Chapter 7 trustee's compensation is confined to the case in which he was appointed. Section 326(a) limits *trustee* compensation, not that of an individual acting as a manager or professional in a Chapter 11 case. That person's compensation is governed by §§ 328 and 330. Subsection 326(a) begins "[i]n *a case* under chapter 7 *or* 11"[34] and ends with

---

[31] *See* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 147-151 (2012) (discussing prepositive and postpositive modifiers of a series of nouns or verbs).

[32] Garner, *supra* note 30, ¶ 10.42 ("A preposition is so called because it is usually positioned before a noun, pronoun, or nominative phrase or clause and relates its subject to another word in the sentence.").

[33] *King v. Burwell*, 576 U.S. ___, 135 S.Ct. 2480, 2489 (2015) (courts "construe statutes, not isolated provisions" and therefore, must read a phrase in its context and place in the overall statutory scheme).

[34] 11 U.S.C § 326(a) (emphasis added).

compensation calculated upon all moneys disbursed by the trustee "in *the case*,"[35] thus speaking to compensation in the single case in which a trustee is appointed. Certainly, "a case" and "the case" refer to the same case. To receive compensation in a case under § 326(a), Connolly must be a Chapter 7 trustee or a Chapter 11 trustee. His compensation must be for performance of "trustee's services" in "the case."[36] Here, as trustee in the Chapter 7 case, Connolly's compensation is based upon the amounts he disbursed or turned over in the Chapter 7 case. As we discuss below, not having been appointed in the Chapter 11 case, Connolly cannot receive commission compensation for his services in that case.

The bankruptcy court further examined the "in the case" phrase in the broader context of the Bankruptcy Code to support its interpretation of § 326. It correctly noted in its Compensation Order other provisions in the Bankruptcy Code indicating that "the case" refers to a single, specific bankruptcy case commenced by filing a petition.[37] The bankruptcy court further cited other Code sections specific to Chapter 7 indicating that "in the case," refers to the case in which the trustee was appointed and serves.[38] We agree with the bankruptcy court's analysis of these statutory provisions.

---

[35] *Id.* (emphasis added).

[36] *Id.*

[37] Compensation Order at 11, *in* Appellant's App. at 391. *See* 11 U.S.C. §§ 101(42), 301-303.

[38] Compensation Order at 11, *in* Appellant's App. at 391. *See* 11 U.S.C. § 701(a)(1) (appointment of interim trustee "in the case"); § 702(b) and (d) (interim trustee serves as trustee "in the case" if a trustee is not elected to serve as trustee "in the case"); § 703 (successor trustee appointed "in the case").

Nothing in § 326(a) or § 330(a)(7) speaks to additionally compensating a Chapter 7 trustee who is simultaneously acting as a manager of a separate or related Chapter 11 debtor under a court order. Connolly acted as manager of MHLLC, not its trustee, when he secured bankruptcy court approval to manage MHLLC and sell the MHLLC properties. It is true that Morreale's Chapter 7 estate included his single-member interest in MHLLC. It is also true that, as Morreale's Chapter 7 trustee, Connolly succeeded to that interest.[39] That positioned him to control and manage the LLC and its assets, but that did not bring MHLLC's property into Morreale's Chapter 7 estate. As a matter of general limited liability company law, Morreale's interest in the LLC did not entitle him to possession of its assets.[40] Just as Morreale and MHLLC are distinct legal entities, so are their respective bankruptcy estates.[41] Any moneys disbursed to MHLLC creditors as a result of the sales in MHLLC's Chapter 11 case were distributed by Connolly as

---

[39] *In re B&M Land and Livestock, LLC,* 498 B.R. 262, 266 (Bankr. D. Nev. 2013) (Chapter 7 trustee controls single-member limited liability company owned by Chapter 7 debtor, automatically including the right to manage the entity); *In re Albright,* 291 B.R. 538, 540-41 (Bankr. D. Colo. 2003) (Debtor's 100% interest in limited liability company on date of Chapter 7 filing is personal property of debtor becoming property of the estate; trustee obtains all of debtor's rights, including right to control management of the LLC).

[40] Under Colorado law, for instance, a member's interest in a limited liability company constitutes personal property of the member; that membership interest entitles the member to share in profits (and losses) of the LLC and distributions of the LLC's assets according to the value of the member's contributions. Colo. Rev. Stat. Ann. § 7-80-702(1), -503, to -504 (2018).

[41] An individual and a corporate entity are both persons who may be bankruptcy debtors, but they may not be joint debtors in the same case. *See* 11 U.S.C. § 101(13) (defining a "debtor") and § 101(41) (defining "person") and § 302 (authorizing a joint case only by an individual debtor and debtor's spouse).

11

MHLLC's manager, not as Chapter 7 trustee. What he disbursed in MHLLC's Chapter 11 case cannot be included in his § 326(a) trustee compensation base.[42]

Connolly's actions in the Chapter 11 case, however valuable, were voluntary. While his work undoubtedly benefitted the Chapter 11 as well as the Chapter 7 estates, and by all accounts he devoted substantial hours to managing MHLLC, Connolly was not employed or appointed in the Chapter 11 case as a § 327 professional, nor was he the Chapter 11 trustee.[43] The Tenth Circuit's case law in this regard is as unforgiving as it is crystal clear:  Absent court approval of an individual's employment as a professional or Chapter 11 trustee, the individual is a volunteer and is entitled to no compensation from

---

[42] The Court is mindful of its limited role in interpreting a statute. As the Supreme Court stated in *Lamie v. U.S. Trustee*, addressing compensation of attorneys for Chapter 7 debtors and limiting compensation from the bankruptcy estate:

> Our unwillingness to soften the import of Congress' chosen words even if we believe the words lead to a harsh outcome is longstanding.  It results from deference to the supremacy of the Legislature . . . .
>
> . . . .
>
> If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result.

540 U.S. 526, 542 (2004) (citations omitted) (internal quotation marks omitted).

[43] Had Connolly been appointed a professional in the Chapter 11 case, his compensation would have been determined by considering the § 330(a)(3) factors with due consideration given to the time he spent and the benefit of those services. Those factors are simply irrelevant to determining reasonable compensation of a Chapter 7 trustee and applying the commission formula under § 326.

the estate for any services rendered.[44] Connolly's only appointment was as case trustee in Morreale's Chapter 7 case, and his compensation is limited by the terms of § 326(a) to "trustee services"[45] in an amount based upon the moneys he disbursed as trustee in the Chapter 7 case.

Connolly's heavy reliance on *In re Macco Properties, Inc.* as support for allowing compensation based upon the amount disbursed in the Chapter 11 case is misplaced.[46] While we recognize that the fact pattern here is somewhat similar to that in *Macco*, that court did not have occasion to analyze in detail § 326(a)'s "in the case" language.[47] In that case, the Chapter 11 trustee was allowed compensation based on distributions made in multiple Chapter 11 cases and the liquidation of related non-debtor entities and assets. A key distinction in *Macco* is that the bankruptcy court entered an order authorizing the Chapter 11 trustee to jointly administer assets held by wholly-owned debtor entities—for entities both in and outside of bankruptcy.[48] No similar authorization was sought or granted to Connolly as Chapter 7 trustee in this case. Even if the *Macco* court had interpreted § 326(a), its decision, while persuasive, would not be controlling authority on this Court. Instead, we are compelled by the plain language of the statute to hold that

---

[44] *See In re Schupbach Invs., L.L.C.*, 808 F.3d 1215, 1219 (10th Cir. 2015) (quoting *Interwest Bus. Equip., Inc. v. U.S. Tr. (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 318 (10th Cir. 1994)); *In re Albrecht*, 245 B.R. 666, 671-72 (10th Cir. BAP 2000), *aff'd* 233 F.3d 1258 (10th Cir. 2000). *See also* 11 U.S.C. § 330(a)(1).
[45] 11 U.S.C. § 326(a).
[46] *In re Macco Properties, Inc.*, 540 B.R. 793 (Bankr. W.D. Okla. 2015).
[47] *Id.* at 799-804.
[48] *Id.* at 817-18. Another important distinction is that, unlike Chapter 7 trustees, Chapter 11 trustee compensation has not been removed from the factors' analysis in § 330. *See* 11 U.S.C. § 330(a)(3).

13

"moneys disbursed or turned over in the case"[49] means what it says. A Chapter 7 trustee's § 326(a) compensation is limited to that trustee's services in the case in which he or she was appointed to serve and must be calculated solely upon the moneys the trustee disbursed in that case. It does not allow compensation based upon amounts disbursed to creditors in a separate Chapter 11 case, even one as closely related as MHLLC's.

Conclusion

We affirm the bankruptcy court's Compensation Order denying Connolly's request for Chapter 7 trustee compensation under § 326(a) based on amounts disbursed in the MHLLC Chapter 11 case.

---

[49] 11 U.S.C. § 326(a).